# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

CATHARINE GIGNAC, JACOB ) 
GIGNAC and JEREMY GIGNAC, ) 
                                 ) 
                                 ) 
Plaintiffs,               )    Case No. _____ 
                                 ) 
v.                            )    BLACKBAUD, INC.'S ANSWER AND 
                                 )    DEFENSES TO CLASS ACTION 
EASTERN MAINE HEALTHCARE    )    COMPLAINT 
SYSTEMS, d/b/a NORTHERN LIGHT   ) 
HEALTH, and BLACKBAUD, INC.,    ) 
                                 ) 
                                 ) 
Defendants.

Defendant Blackbaud, Inc. ("Blackbaud"), by counsel, submits the following Answer and Defenses to the Class Action Complaint ("Complaint") of Plaintiffs Catharine Gignac, Joseph Gignac, and Jeremy Gignac ("Plaintiffs"). Blackbaud denies all allegations in the Complaint that it does not expressly admit in this Answer. Blackbaud responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

## Introduction

1.     Paragraph 1 of the Complaint is a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies that Plaintiffs or putative class members are entitled to any relief.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 1 of the Complaint.

## Nature of the Action

2.     Portions of Paragraph 2 are further characterizations of Plaintiffs' lawsuit to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies that

Plaintiffs or putative class members are entitled to any relief.   Blackbaud admits that in May of 2020, Blackbaud discovered and stopped a ransomware attack.  Blackbaud denies that Defendant Eastern Maine Healthcare Systems, d/b/a Northern Light Health ("Northern Light"), was a Blackbaud customer at the time of the ransomware attack.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 2 of the Complaint.

3.      The allegations in the first sentence of Paragraph 3 of the Complaint are conclusions of law to which no response is required.  To the extent these allegations are contrary to law, Blackbaud denies them.  Blackbaud lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 and therefore denies them.

4.      The allegations of Paragraph 4 appear to be directed to Northern Light. To the extent a response is required, Blackbaud denies the allegations in Paragraph 4 of the Complaint.

5.      To the extent that the allegations in Paragraph 5 of the Complaint are conclusions of law, no response is required.  To the extent these allegations are contrary to law, Blackbaud denies them. Blackbaud admits that it paid the cybercriminal's demand with confirmation that the copy of the information removed by the cybercriminal had been destroyed.  Blackbaud lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second sentence in Paragraph 5 and therefore denies them. Except as stated, Blackbaud denies the allegations in Paragraph 5 of the Complaint.

6.      Blackbaud admits the allegations in the first sentence of Paragraph 6 of the Complaint upon information and belief and admits that it is the world's leading cloud software company powering social good and that it serves the entire social good community, which includes nonprofits, foundations, corporations, education institutions, healthcare institutions, and the individual change agents who support them. Blackbaud denies the remaining allegations in sentences two and three

of paragraph 6.  The remaining allegations in Paragraph 6 are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Blackbaud admits that it paid the cybercriminal's demand with confirmation that the copy of the information removed by the cybercriminal had been destroyed.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 7 of the Complaint.

8.      Blackbaud denies the allegations in Paragraph 8 of the Complaint.

9.      Blackbaud admits that footnote 2 to Paragraph 9 of the Complaint links to a document by Blackbaud that speaks for itself, and that is partially quoted in Paragraph 9.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 9 of the Complaint.

10.     Blackbaud admits that it is working with customers to protect against future cyberattacks but denies that Northern Light was a Blackbaud customer at the time of the ransomware attack . Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10 and therefore denies them.

11.     Blackbaud denies the allegations in Paragraph 11 of the Complaint.

12.     Blackbaud denies the allegations in Paragraph 12 of the Complaint.

13.     Blackbaud denies the allegations in Paragraph 13 of the Complaint.

14.     Blackbaud denies the allegations in Paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint is a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies that it is liable to Plaintiffs or the putative class members and denies all other allegations in Paragraph 15 of the Complaint.

112429720v1

16.     Paragraph 16 of the Complaint is a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent a response to this paragraph is deemed to be required, Blackbaud denies that it is liable to Plaintiffs or the putative class members and denies all other allegations in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint is a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent a response to this paragraph is deemed to be required, Blackbaud denies that it is liable to Plaintiffs or the putative class members and denies all other allegations in Paragraph 17 of the Complaint.

**Parties**

18.     Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19.     Blackbaud denies that it is liable for Plaintiffs' alleged damages. Blackbaud lacks knowledge or information sufficient to form as belief as to the truth or falsity of the remaining allegations in Paragraph 19 of the Complaint and therefore denies them.

20.     Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint and therefore denies them.

21.     Blackbaud denies that it is liable for Plaintiff's alleged damages.  Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21 of the Complaint and therefore denies them.

22.     Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint and therefore denies them.

23.     Blackbaud denies that it is liable for Plaintiff's alleged damages.   Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23 of the Complaint and therefore denies them.

24.     Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25.     Blackbaud admits that the Complaint attaches documents which purport to be letters from Northern Light to the Plaintiffs.   Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25 of the Complaint and therefore denies them.

26.      Blackbaud admits that the Complaint attaches documents which purport to be letters from Northern Light to the Plaintiffs and which speak for themselves as to their contents.   Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 of the Complaint and therefore denies them.

27.     Blackbaud admits that the Complaint attaches documents which purport to be letters from Northern Light to the Plaintiffs and which speak for themselves as to their contents.   Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 of the Complaint and therefore denies them.

28.     Blackbaud admits that the Complaint attaches documents which purport to be letters from Northern Light to the Plaintiffs and which speak for themselves as to their contents.   Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 of the Complaint and therefore denies them.

29.     Blackbaud admits that the Complaint attaches documents which purport to be letters from Northern Light to the Plaintiffs and which speak for themselves as to their contents.  Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 of the Complaint and therefore denies them.

30.     Blackbaud admits that the Complaint attaches documents which purport to be letters from Northern Light to the Plaintiffs and which speak for themselves as to their contents.  Blackbaud admits upon information and belief that Northern Light provided notification of the ransomware attack to the United States Department of Health and Human Services.  Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 of the Complaint and therefore denies them.

31.     Blackbaud admits upon information and belief the allegations in Paragraph 31 of the Complaint.

32.     Blackbaud admits that it is a Delaware corporation with its principal place of business located on Daniel Island, Berkeley County, South Carolina.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 32 of the Complaint.

33.     Blackbaud admits that it is the world's leading software company powering social good and that it serves the entire social good community, which includes nonprofits, foundations, corporations, education institutions, healthcare institutions, and the individual change agents who support them.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 33 of the Complaint.

112429720v1

**Jurisdiction and Venue**

34.     Blackbaud admits that the Court has subject matter jurisdiction over this action.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 34 of the Complaint.

35.     Blackbaud admits that it transacts business with entities located in this jurisdiction. Blackbaud admits upon information and belief that Northern Light is a resident of and does business in this jurisdiction.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 35 of the Complaint.

36.     Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint and therefore denies them.

**Defendants**

<u>Northern Light</u>

37.     Blackbaud admits that footnote 4 to Paragraph 37 of the Complaint links to a document which purports to be from Dun & Bradstreet and which speaks for itself.  The first sentence of Paragraph 37 of the Complaint contains conclusions of law to which no response is required.  To the extent the allegations in the first sentence of Paragraph 37 are contrary to law, Blackbaud denies them.  Except as expressly admitted, Blackbaud denies the allegations of Paragraph 37 of the Complaint.

38.     Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint and therefore denies them.

39.      To the extent that the first sentence of Paragraph 39 contains factual allegations, Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of those and therefore denies them. The remaining allegations in Paragraph 39 of the Complaint are

112429720v1

conclusions of law to which no response is response.  To the extent these allegations are contrary to law, Blackbaud denies them.

40.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Northern Light's Notice of Privacy Practices and therefore denies them.  The remaining allegations in Paragraph 40 are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 40 are contrary to law, Blackbaud denies them.

41.    The allegations in Paragraph 41 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 41 are contrary to law, Blackbaud denies them.

42.    The allegations in Paragraph 42 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 42 are contrary to law, Blackbaud denies them.

43.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint and therefore denies them.

44.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Complaint and therefore denies them.

45.    The allegations in Paragraph 45 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 45 are contrary to law, Blackbaud denies them.

46.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Complaint and therefore denies them.

112429720v1

47.     Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Complaint and therefore denies them.

48.     Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Complaint and therefore denies them.

49.     Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint and therefore denies them.

50.     The allegations of Paragraph 50 appear to be directed to Northern Light.  To the extent a response is required, Blackbaud denies the allegations in Paragraph 50 of the Complaint.

<u>Blackbaud</u>

51.     Blackbaud admits that footnotes 5 and 6 to Paragraph 51 of the Complaint link to Blackbaud documents that speak for themselves, and that are partially quoted in Paragraph 51. Blackbaud also admits that it was incorporated in New York in 1982.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 51 of the Complaint.

52.     Blackbaud admits that Paragraph 52 contains partial quotations from Blackbaud's 2019 Annual Report, a writing that speaks for itself.  To the extent the purported quotations are inconsistent with that document, Blackbaud denies them.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 52 of the Complaint.

53.     Blackbaud admits that it stores, maintains, and secures information provided to it by its customers.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 53 of the Complaint.

54.     Blackbaud admits that Paragraph 54 contains partial quotations from Blackbaud's 2019 Annual Report, a writing that speaks for itself, with emphasis added.  To the extent the purported

quotations are inconsistent with that document, Blackbaud denies them.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 54.

55.    Blackbaud admits that it secures information provided to it by its customers.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 55 of the Complaint.

56.    Blackbaud admits that footnote 9 to Paragraph 56 of the Complaint links to its North American Privacy Policy as of August, 2020 (the "Privacy Policy"), a writing that speaks for itself, and that is partially quoted in Paragraph 56.  To the extent the purported quotations are inconsistent with that document, Blackbaud denies them. Except as expressly admitted, Blackbaud denies the allegations in Paragraph 56 of the Complaint.

57.    Blackbaud admits that footnote 10 to Paragraph 57 of the Complaint links to the Privacy Policy, a writing that speaks for itself, and that is partially quoted in Paragraph 57.  To the extent the purported quotations are inconsistent with that document, Blackbaud denies them.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 57 of the Complaint.

58.    The allegations in Paragraph 58 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in 58 are contrary to law, Blackbaud denies them.

59.    Blackbaud denies the allegations in Paragraph 59 of the Complaint.

60.    Blackbaud denies the allegations in Paragraph 60 of the Complaint.

### The Cyberattack and Data Breach

61.    Blackbaud lacks knowledge or information sufficient to form a belief as to allegations in Paragraph 61 of the Complaint and therefore denies them.

62.     Blackbaud lacks knowledge or information sufficient to form a belief as to allegations in Paragraph 62 of the Complaint and therefore denies them.

63.     Blackbaud denies the allegations in Paragraph 63 of the Complaint.

64.     Blackbaud admits that it discovered and stopped a ransomware attack in May of 2020. Blackbaud also admits that footnotes 11 and 12 to Paragraph 64 of the Complaint link to a Blackbaud document that speaks for itself and that is partially quoted in Paragraph 64.  To the extent the purported quotations are inconsistent with that document, Blackbaud denies them. Except as expressly admitted, Blackbaud denies the allegations in Paragraph 64 of the Complaint.

65.     Blackbaud admits upon information and belief the allegations in Paragraph 65 of the Complaint.

66.     Blackbaud admits that footnote 13 to Paragraph 66 of the Complaint links to a Blackbaud document that speaks for itself and that is partially quoted in Paragraph 66.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 66 of the Complaint.

67.     Blackbaud admits that it has not offered credit monitoring to Plaintiffs or putative class members.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 67 of the Complaint.

68.     Blackbaud admits that it discovered and stopped the ransomware attack in May of 2020 and that it notified customers in July of 2020.  Blackbaud admits that Exhibits A-C to the Complaint bear the date of September 14, 2020 but lacks knowledge or information sufficient to form a belief as to when Plaintiffs received the letters contained in those exhibits.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 68 of the Complaint.

69.     The allegations in Paragraph 69 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 69 are contrary to law, Blackbaud denies them.

70.     Blackbaud lacks knowledge or information sufficient to form a belief as to Plaintiffs' and putative class members' expectations or understanding.  Blackbaud denies the remaining allegations in Paragraph 70 of the Complaint.

71.     Blackbaud admits that data security is important to its business, in part because of the risk of cyberattacks.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 71 of the Complaint.

72.     Blackbaud admits that footnote 14 to Paragraph 72 of the Complaint cites a link to an article published by Law360 that speaks for itself.  Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the article referred to in Paragraph 72 of the Complaint and therefore denies the remaining allegations of Paragraph 72.

73.     Blackbaud admits that potential future cyberattacks pose a risk.  Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 73 of the Complaint and therefore denies them.

74.     Blackbaud denies the allegations in Paragraph 74 of the Complaint.

        a.      Blackbaud denies the allegations in Paragraph 74(a)(i) and (ii) of the Complaint.

        b.      Blackbaud denies the allegations in Paragraph 74(b)(i) and (ii) of the Complaint.

        c.      Blackbaud denies the allegations in Paragraph 74(c)(i) and (ii) of the Complaint.

        d.      Blackbaud denies the allegations in Paragraph 74(d) of the Complaint.

112429720v1

75.     Blackbaud denies the allegations in Paragraph 75 of the Complaint.

76.     Blackbaud denies the allegations in Paragraph 76 of the Complaint.

**Cyberattacks and Data Breaches Cause Disruption and Put Consumers at an Increased Risk of Fraud and Identity Theft**

77.     The allegations of Paragraph 77 constitute opinions and generalizations to which no response is required. Blackbaud admits that cyberattacks and data breaches have the potential to cause disruption for those affected.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 77 of the Complaint.

78.     The allegations in Paragraph 78 of the Complaint purport to quote a GAO Report published in 2007, a document that speaks for itself.  Blackbaud lacks information or belief sufficient to form a belief as to the truth or falsity of the GAO Report and therefore denies the allegations in Paragraph 78.

79.     Blackbaud admits that footnote 16 to Paragraph 79 of the Complaint links to a document that purports to contain recommendations from the FTC and that speaks for itself.  Except as expressly admitted, Blackbaud denies the allegations in Paragraph 79 of the Complaint.

80.     In response to the first sentence of Paragraph 80, Blackbaud admits that identity thieves sometimes use stolen PHI to commit various crimes.  Except as expressly admitted, Blackbaud denies the allegations of the first sentence of Paragraph 80 of the Complaint.  The second sentence of Paragraph 80 of the Complaint purports to quote a study by Identity Theft Resource Center. Blackbaud lacks information or belief sufficient to form a belief as to the truth or falsity of these allegations and therefore denies them.

81.     Blackbaud admits that footnote 18 to Paragraph 81 of the Complaint links to an article purportedly written by John T. Soma, et al., a writing that speaks for itself. Except as expressly admitted, Blackbaud denies the allegations in Paragraph 81 of the Complaint.

82.     The allegations in Paragraph 82 of the Complaint purport to quote a GAO Report, a writing that speaks for itself. Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and therefore denies them.

83.     Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Complaint and therefore denies them.

84.     The last sentence of Paragraph 84 of the Complaint contains Plaintiffs' characterization of the Notification Letter, a writing that speaks for itself. Blackbaud denies the remaining allegations in Paragraph 84 of the Complaint.

## Plaintiffs' and Class Members' Damages

85.     Blackbaud admits that it has not offered credit monitoring to Plaintiffs or putative class members but denies that Plaintiffs and putative class members have suffered any loss or injury or are entitled to damages or any other relief. Except as expressly admitted, Blackbaud denies the allegations in Paragraph 85 of the Complaint.

86.     Blackbaud denies the allegations in Paragraph 86 of the Complaint.

87.     Blackbaud admits that in May of 2020 it discovered and stopped a ransomware attack. Blackbaud admits that Exhibits A-C to the Complaint bear the date of September 14, 2020 but lacks knowledge or information sufficient to form a belief as to when Plaintiffs received the letters contained in those exhibits. Except as expressly admitted, Blackbaud denies the allegations in Paragraph 87 of the Complaint.

112429720v1

88.     Blackbaud denies the allegations in Paragraph 88 of the Complaint.

89.     Blackbaud denies the allegations in Paragraph 89 of the Complaint.

90.     Blackbaud denies the allegations in Paragraph 90 of the Complaint.

91.     Blackbaud denies the allegations in Paragraph 91 of the Complaint.

92.     Blackbaud lacks knowledge or information sufficient to form a belief about how Plaintiffs and putative class members have spent or will spend their time and therefore denies the allegations in Paragraph 92 of the Complaint.

93.     Blackbaud denies the allegations in Paragraph 93 of the Complaint.

94.     Blackbaud denies the allegations in Paragraph 94 of the Complaint.

**Class Action Allegations**

95.     Paragraph 95 of the Complaint is a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies that class certification is appropriate and that putative class members are entitled to relief.  Blackbaud denies the remaining allegations in Paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint is a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies that class certification is appropriate and that putative class members are entitled to relief.  Blackbaud denies the remaining allegations in Paragraph 96 of the Complaint.

97.     The allegations in Paragraph 97 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 97.

112429720v1

98.     The allegations in Paragraph 98 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98.

a.      The allegations in Paragraph 98(a) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(a).

b.      The allegations in Paragraph 98(b) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(b).

c.      The allegations in Paragraph 98(c) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(c).

d.      The allegations in Paragraph 98(d) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(d).

e.      The allegations in Paragraph 98(e) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(e).

f.      The allegations in Paragraph 98(f) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(f).

112429720v1

g.      The allegations in Paragraph 98(g) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(g).

h.      The allegations in Paragraph 98(h) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(h).

i.      The allegations in Paragraph 98(i) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(i).

j.      The allegations in Paragraph 98(j) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(j).

k.      The allegations in Paragraph 98(k) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(k).

l.      The allegations in Paragraph 98(l) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(l).

m.      The allegations in Paragraph 98(m) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(m).

17

n.      The allegations in Paragraph 98(n) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(n).

o.      The allegations in Paragraph 98(o) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(o).

p.      The allegations in Paragraph 98(p) of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 98(p).

99.    The allegations in Paragraph 99 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Complaint and therefore denies them.

100.    The allegations in Paragraph 100 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 of the Complaint and therefore denies them.

101.    The allegations in Paragraph 101 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 of the Complaint and therefore denies them.

102.    The allegations in Paragraph 102 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 102.

103.    The allegations in Paragraph 103 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 103.

**For a First Cause of Action**
**Negligence**
**(On Behalf of all Plaintiffs and All Class Members Against Northern Light)**

104.    Blackbaud incorporates its answers to the preceding paragraphs of the Complaint.

105.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 105 of the Complaint and therefore denies them.  The second sentence of Paragraph 105 are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies these allegations.

106.    The allegations in Paragraph 106 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 106.

107.    To the extent that facts are alleged in Paragraph 107, Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. The remaining allegations in Paragraph 107 of the Complaint are conclusions of law to which no response is required.  To the extent these allegations are contrary to law, Blackbaud denies them.

108.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 of the Complaint and therefore denies them.

109.    The allegations in Paragraph 109 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 109 are contrary to law, Blackbaud denies them.

110.    The allegations in Paragraph 110 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 110 are contrary to law, Blackbaud denies them.

111.    The allegations in Paragraph 111 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 111 are contrary to law, Blackbaud denies them.

112.    The allegations in Paragraph 112 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 112 are contrary to law, Blackbaud denies them.

113.    The allegations in Paragraph 113 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 113 are contrary to law, Blackbaud denies them.

114.    The allegations in Paragraph 114 of the Complaint are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 114 are contrary to law, Blackbaud denies them.

115.    Blackbaud denies the allegations in Paragraph 115 of the Complaint.

116.    Blackbaud denies the allegations in Paragraph 116 of the Complaint.

112429720v1

117.    Blackbaud denies the allegations in Paragraph 117 of the Complaint.

**For a Second Cause of Action**
**Negligence**
**(On Behalf of Plaintiffs and All Class Members Against Blackbaud)**

118.    Blackbaud incorporates its answers to the preceding paragraphs of the Complaint.

119.    Blackbaud denies the allegations in Paragraph 119 of the Complaint.

120.    Blackbaud denies the allegations in Paragraph 120 of the Complaint.

121.    Blackbaud denies the allegations in Paragraph 121 of the Complaint.

122.    Blackbaud denies the allegations in Paragraph 122 of the Complaint.

123.    Blackbaud denies the allegations in Paragraph 123 of the Complaint.

124.    Blackbaud denies the allegations in Paragraph 124 of the Complaint.

    a.    Blackbaud denies the allegations in Paragraph 124(a) of the Complaint.

    b.    Blackbaud denies the allegations in Paragraph 124(b) of the Complaint.

    c.    Blackbaud denies the allegations in Paragraph 124(c) of the Complaint.

    d.    Blackbaud denies the allegations in Paragraph 124(d) of the Complaint.

    e.    Blackbaud denies the allegations in Paragraph 124(e) of the Complaint.

    f.    Blackbaud denies the allegations in Paragraph 124(f) of the Complaint.

125.    Blackbaud denies the allegations in Paragraph 125 of the Complaint.

126.    Blackbaud denies the allegations in Paragraph 126 of the Complaint.

127.    Blackbaud denies the allegations in Paragraph 127 of the Complaint.

128.    Blackbaud denies the allegations in Paragraph 128 of the Complaint.

**For a Third Cause of Action**
**Breach of Express Contract**
**(On Behalf of Plaintiffs and All Class Members Against Northern Light)**

129.    Blackbaud incorporates its answers to the preceding paragraphs of the Complaint.

130.    Paragraph 130 of the Complaint is a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 130 of the Complaint.

131.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131 of the Complaint and therefore denies them.

132.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132 of the Complaint and therefore denies them.

133.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133 of the Complaint and therefore denies them.

134.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134 of the Complaint and therefore denies them.

135.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135 of the Complaint and therefore denies them.

136.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136 of the Complaint and therefore denies them.

137.    The allegations in Paragraph 137 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 137.

138.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138 of the Complaint and therefore denies them.

139.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 of the Complaint and therefore denies them.

140.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140 of the Complaint and therefore denies them.

141.    The allegations in Paragraph 141 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 141.

142.    The allegations in the first sentence of Paragraph 142 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies these allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 142 of the Complaint and therefore denies them.

143.    Blackbaud denies the allegations in Paragraph 143 of the Complaint.

144.    Blackbaud denies the allegations in Paragraph 144 of the Complaint.

145.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145 of the Complaint about class members' conduct or

112429720v1

expectations and therefore denies them.  Blackbaud denies any remaining allegations in Paragraph 145.

146.    Blackbaud denies the allegations in Paragraph 146 of the Complaint.

147.    Blackbaud denies the allegations in Paragraph 147 of the Complaint.

**For a Fourth Cause of Action**

**Breach of Express Contract**

**(On Behalf of Plaintiffs and All Class Members Against Blackbaud)**

148.    Blackbaud incorporates its answers to the preceding paragraphs of the Complaint.

149.    Blackbaud denies the allegations in Paragraph 149 of the Complaint.

150.    Footnote 19 to Paragraph 150 cites to Blackbaud's current Privacy Policy, a writing which speaks for itself, and which is located at https://blackbaud.com/privacy-policy/north-america and Paragraph 150 partially quotes from the Privacy Policy. Except as stated, Blackbaud  denies any remaining allegations in Paragraph 150 of the Complaint.

151.    Blackbaud denies the allegations in Paragraph 151 of the Complaint.

152.    Blackbaud denies the allegations in Paragraph 152 of the Complaint.

153.    Blackbaud denies the allegations in Paragraph 153 of the Complaint.

154.    The allegations in Paragraph 154 of the Complaint purport to quote Blackbaud's current Privacy Policy, a writing which speaks for itself, and which is located at https://blackbaud.com/privacy-policy/north-america.  Blackbaud denies that its Privacy Policy constitutes a representation or applies to Plaintiffs or the putative class members.

155.    Blackbaud denies the allegations in Paragraph 155 of the Complaint.

156.    Blackbaud lacks knowledge or information about Plaintiffs' and the putative class members' beliefs or expectations and therefore denies the allegations in Paragraph 156 of the Complaint

157.    Blackbaud denies the allegations in Paragraph 157 of the Complaint.

158.    Blackbaud denies the allegations in Paragraph 158 of the Complaint.

159.    Blackbaud denies the allegations in Paragraph 159 of the Complaint.

160.    Blackbaud denies the allegations in Paragraph 160 of the Complaint.

161.    Blackbaud denies the allegations in Paragraph 161 of the Complaint.

162.    Blackbaud denies the allegations in Paragraph 162 of the Complaint.

163.    Blackbaud denies the allegations in Paragraph 163 of the Complaint.

164.    Blackbaud denies the allegations in Paragraph 164 of the Complaint.

165.    Blackbaud denies the allegations in Paragraph 165 of the Complaint.

166.    Blackbaud denies the allegations in Paragraph 166 of the Complaint.

**For a Fifth Cause of Action**
**Breach of Implied Contract**
**(On Behalf of Plaintiffs and All Class Members Against Northern Light)**

167.    Blackbaud incorporates its answers to the preceding paragraphs of the Complaint.

168.    The allegations in Paragraph 168 of the Complaint about Plaintiffs' and the putative class members' implied contracts with Northern Light are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies these allegations.

Blackbaud is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 168 of the Complaint and therefore denies them.

169.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 of the Complaint and therefore denies them.

170.    The allegations in Paragraph 170 of the Complaint about Plaintiffs' and the putative class members' implied contracts with Northern Light are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies these allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 170 of the Complaint and therefore denies them.

171.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 171 of the Complaint and therefore denies them.

172.    Blackbaud lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 of the Complaint and therefore denies them.

173.    The allegations in Paragraph 173 of the Complaint about Plaintiffs' and the putative class members' implied contracts with Northern Light are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies these allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 173 of the Complaint and therefore denies them.

174.    The allegations in Paragraph 174 of the Complaint about Plaintiffs' and the putative class members' implied contract with Northern Light are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies these allegations. Blackbaud denies any remaining allegations in Paragraph 174 of the Complaint.

112429720v1

175.    Blackbaud denies the allegations in Paragraph 175 of the Complaint

176.    Blackbaud denies the allegations in Paragraph 176 of the Complaint.

177.    Blackbaud denies the allegations in Paragraph 177 of the Complaint.

## For a Sixth Cause of Action
## Violation of Maine Uniform Deceptive Trade Practices Act, 10 Me. Rev. Stat. §1212, Et Seq.
## (On Behalf of Plaintiffs and Class Members Against Defendants)

178.    Blackbaud incorporates its answers to the preceding paragraphs of the Complaint.

179.    Blackbaud denies the allegations in Paragraph 179 of the Complaint.

180.    Blackbaud denies the allegations in Paragraph 180 of the Complaint.

181.    Blackbaud denies the allegations in Paragraph 181 of the Complaint.

182.    Paragraph 182 of the Complaint is a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent a response is deemed to be required, Blackbaud denies the allegations in Paragraph 182 of the Complaint and denies that Plaintiffs or the putative class members are entitled to any relief.

### Prayer for Relief

Plaintiffs' Prayer for Relief does not require an answer, however, to the extent an answer is required, Blackbaud denies any allegations in Plaintiffs' Prayer for Relief and denies that Plaintiffs or putative class members are entitled to any relief.

Blackbaud further denies all remaining allegations in the Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiffs or putative class members for any of the requested relief set forth in the Complaint.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in Plaintiffs' Complaint, and without admitting or acknowledging that Blackbaud bears the burden of proof as to any of them, Blackbaud asserts the following additional defenses. Blackbaud intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' Complaint fails to the extent that Plaintiffs lack standing.

## THIRD DEFENSE

Plaintiffs' claims are barred because Blackbaud owed no duty to Plaintiffs or putative class members.

## FOURTH DEFENSE

Plaintiffs' claims are barred because Blackbaud fully performed and discharged all duties imposed by contract and/or law.

## FIFTH DEFENSE

Plaintiffs' claims are barred by assumption of risk, as they knew of the possibility that any personal information provided to a third party, such as Blackbaud's customers, could be the target of a

112429720v1

successful criminal intrusion and they nevertheless chose to provide such information to gain the benefit of the services offered.

## SIXTH DEFENSE

If any damages are awarded against Blackbaud, any recovery Plaintiffs receive is subject to a set off, in the amount Plaintiffs received as reimbursement, payment, or compensation for any alleged losses incurred as a result of the allegations stated in their Complaint. Blackbaud is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## SEVENTH DEFENSE

Plaintiffs' alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by Blackbaud, and those third parties were the sole cause of any such damages.

## EIGHTH DEFENSE

Plaintiffs' claims are barred to the extent their injuries were caused by intervening or supervening causes.

## NINTH DEFENSE

Plaintiffs' alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

## ELEVENTH DEFENSE

112429720v1

Plaintiffs' Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorneys' fees, costs, or any other relief.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the economic loss doctrine.

## THIRTEENTH DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 and Maine Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; Plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

## FOURTEENTH DEFENSE

Plaintiffs and the putative class members cannot recover from Blackbaud as a class action to the extent to which such class recovery would deprive Blackbaud of its due process rights to assert individualized defenses to claims of class members.

## FIFTEENTH DEFENSE

Plaintiffs cannot recover from Blackbaud individually or as a class action for punitive damages to the extent any award of punitive damages would be impermissible under the Due Process Clause

112429720v1

of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiffs and the gross disparity between the allegations of harm and the size of the claim.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel and unclean hands.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred or limited to the extent that the claims asserted require the improper extraterritorial application of various state laws.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred to the extent precluded or barred by their agreements with third parties including but not limited to Blackbaud's customers or financial institutions.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred by the absence of contractual privity with Blackbaud.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred to the extent they have failed to mitigate their alleged damages.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred because Blackbaud complied with applicable law and fully performed any contractual obligations.

112429720v1

## TWENTY-SECOND DEFENSE

Plaintiffs' claims based on the Maine Uniform Deceptive Trade Practices Act are barred because Blackbaud did not make any false representation to Plaintiffs.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims based on the Maine Uniform Deceptive Trade Practices Act are barred because Plaintiffs fail to allege reliance on any false representation made by Blackbaud.

## RESERVATION OF DEFENSES

Blackbaud reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Blackbaud requests this Court to enter a judgment:

1.  denying Plaintiffs any and all relief in this case;

2.  dismissing Plaintiffs' claims in their entirety;

3.  dismissing this case with prejudice;

4.  granting Blackbaud all other remedies that the Court deems just and proper.

DATED:  January 7, 2021

/s/ Daniel J. Mitchell
Daniel J. Mitchell
**BERNSTEIN SHUR**
100 Middle Street
Portland, ME 04104
Telephone: (207) 774-1200
Email: dmitchell@bernsteinshur.com

Ronald I. Raether (*Pro Hac Vice* forthcoming)
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: (949) 622-2700
Email: ron.raether@troutman.com

*Attorneys for Defendant Blackbaud, Inc.*

33

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Answer and Defenses has been served via electronic mail and first-class prepaid mail upon the following:

Jeffrey Neil Young
Solidarity Law, PLLC
9 Longmeadow Rd.
Cumberland, ME 04110
Telephone: (207) 844-4243
Email: jyoung@solidarity.law

Howard T. Longman
Longman Law P.C.
345 Eisenhower Parkway, Suite 1800
Livingston, NJ 07039
Telephone: (973) 994-2315
Email: longmanlawpc@gmail.com

Lynda J. Grant
The Grant Law Firm, PLLC
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone: (212) 292-4441
Email: lgrant@grantfirm.com

*Attorneys for Plaintiffs and the Proposed Class*

David A. Carney
Baker & Hostetler LLP
Key Tower, 127 Public Square
Suite 2000
Cleveland, OH 44114
Telephone: (216) 861-7634
Email: dcarney@bakerlaw.com

John J. Aromando
Pierce Atwood LLP
254 Commercial Street
Merrill's Wharf

Portland, ME 04101
Telephone: (207) 791-1302
Email: jaromando@pierceatwood.com

*Attorneys for Defendant Northern Light*

DATED:  January 7, 2021                    */s/ Daniel J. Mitchell*

35

112429720v1